J-S70005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM HARRIS | |
| Appellant | No. 799 EDA 2016 |

Appeal from the PCRA Order February 10, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0101751-2002

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 02, 2016**

Appellant, William Harris, appeals *pro se* from the order entered on February 10, 2016, which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 12, 2003, a jury found Appellant guilty of robbery and possession of an instrument of crime.[1]  On February 2, 2004, the trial court sentenced Appellant to serve a term of 25 to 50 years in prison, followed by five years of probation.  This Court affirmed Appellant's judgment of sentence on November 16, 2005 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on August 30, 2007.

_____

[1] 18 Pa.C.S.A. §§ 3701 and 907, respectively.

*Commonwealth v. Harris*, 888 A.2d 862 (Pa. Super. 2005) (unpublished memorandum) at 1-20, *appeal denied*, 931 A.2d 656 (Pa. 2007).

On January 30, 2008, Appellant filed his first PCRA petition and the PCRA court appointed counsel to represent Appellant in the proceedings. The PCRA court finally dismissed Appellant's first PCRA petition on June 15, 2012;[2] Appellant did not file a timely notice of appeal from this order.

On April 8, 2013, Appellant filed the current petition, which constitutes Appellant's second petition for post-conviction collateral relief under the PCRA. Within this petition, Appellant did not acknowledge that the petition was untimely under the PCRA and Appellant did not plead any exception to the PCRA's one-year time-bar. **See** Appellant's Second PCRA Petition, 4/8/13, at 1-7 & Supplement.

On November 10, 2015, the PCRA court notified Appellant that it intended to dismiss the PCRA petition in 20 days without holding a hearing, as the petition was untimely. PCRA Court Order, 11/10/15, at 1; **see also** Pa.R.Crim.P. 907. Appellant did not file a timely response to the PCRA court's order and, on February 10, 2016, the PCRA court dismissed Appellant's PCRA petition. Appellant filed a timely notice of appeal to this

_____

[2] The PCRA court entered an order on September 4, 2009, which dismissed Appellant's first PCRA petition. However, on December 8, 2010, this Court vacated the PCRA court's order and remanded the case for further proceedings. **Commonwealth v. Harris**, 23 A.3d 572 (Pa. Super. 2010) (unpublished memorandum) at 1-3. Thereafter, on June 15, 2012, the PCRA court finally dismissed Appellant's first PCRA petition.

Court. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final on November 29, 2007, which was 91 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); ***see also*** U.S. Sup. Ct. R. 13.1. The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant had until November 29, 2008 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until April 8, 2013, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant did not attempt to plead any exception to the PCRA's one-year time-bar. Thus, Appellant's petition is time-barred and our "courts are

without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011).  Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2016